IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

_____x

RETIREMENT SPECIALTY GROUP, INC.

        Plaintiff,

-against-                       C.A. No.

EASTERN PACIFIC INVESTMENT GROUP,
LLC, RICARDO CRESPO TORRES, and
ELIZABETH ANN PETERSON

        Defendants.
_____x

## COMPLAINT

Plaintiff, Retirement Specialty Group, Inc., by and through its undersigned counsel, for its Complaint against defendants, avers as follows:

Summary

1.    Plaintiff (hereinafter "plaintiff" or "Retirement Specialty") entered into a contract titled a Financial Instrument Trade Agreement, with defendant Eastern Pacific Investment Group, Inc. (hereinafter "Eastern Pacific"), a company run by defendants Ricardo Crespo Torres ("Crespo") and Elizabeth Ann Peterson ("Peterson") under which Eastern Pacific was to provide a Standby Letter of Credit issued by HSBC Bank in the amount of one hundred million dollars ($100,000,000.00), and plaintiff paid a one-million-dollar initial fee. A copy of the agreement is annexed hereto as Exhibit A. In fact, Eastern Pacific is a fraudulent scheme, with no ability to procure letters of credit. It failed to provide the promised letter of credit, and has refused to

1

return the million dollars, despite a clause in the agreement, providing for return of the fee if the parties are unable to acquire the letter of credit.

## The Parties

2. Plaintiff, Retirement Specialty Group, Inc., is a corporation organized under the laws of the state of Tennessee with its principal place of business in Cookeville, Tennessee.

3. Upon information and belief, defendant Eastern Pacific Investment Group, LLC, is a Limited Liability Company organized under the laws of the State of Delaware with its principal place of business in Wilmington, Delaware.

4. Upon information and belief, defendant Ricardo Crespo Torres is a Mexican national who is a citizen either of the State of California or the country of Mexico.

5. Upon information and belief, defendant Elizabeth Ann Peterson is a citizen of the State of California. In an email, she described herself as the "CEO" of Eastern Pacific and Mr. Crespo Torres as its "CFO."

## Jurisdiction and Venue

6. This Court has subject-matter jurisdiction over this case by virtue of the diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332(a)(1) or (3), in that the matter in controversy exceeds $75,000.00 and is between citizens of different States or citizens of different States in which a citizen or subject of a foreign state is an additional party, and by virtue of federal-question jurisdiction, pursuant to 28 U.S.C. § 1331, and Section 27(a) of the Securities Exchange Act, 15 U.S.C. § 78aa(a), in that plaintiffs assert claims under the federal securities laws.

7.     Venue is proper in this district pursuant to 28 U.S.C. §1391(a) and (b), in that defendant Eastern Pacific is located here and defendants Crespo Torres and Peterson are corporate officers.

Facts

8,     On April 12, 2024, plaintiff and defendant Eastern Pacific entered into the Financial Instrument Trade Agreement annexed hereto as Exhibit A.

9.     On April 15, 2024, plaintiff caused two wire-transfers in the amounts of $500,000.00 each to be sent to an account maintained by Eastern Pacific at a bank in La Mesa California.  The money represented a one-percent initial fee for the provision of a Stand-By Letter of Credit, as set forth on Exhibit A, p. 1.

10.    In causing the payments to be made, plaintiff reasonably relied on representations in the making of which all individual defendants took part.  Those representations included the following:

(a) Statement in the Financial Instrument Trade Agreement that the agreement was to "provide [Retirement Specialty] with an Asset, Stand By Letter of Credit (SBLC) issued by HSBC Bank in the face value of One Hundred Million Dollars ($100,000,000.00 USD) from [Eastern Pacific]." (Ex. A., p. 1) Defendants knew that they did not have the ability to provide a Stand-By Letter of Credit.

(b) Statement in the Financial Instrument Trade Agreement that Eastern Pacific "has agreed as part of the Contract to monetize the SBLC at Seventy Percent (70%) of face value and shall employ or cause to be employed best efforts using their expertise in monetization and investment and to proceed with an investment for a prescribed period of time and based on

3

conditions as set forth in the agreement." (Ex A, p. 1) Defendants knew that they had no "expertise" to "monetize" a stand-by letter of credit, and no ability to do so.

(c) Statement in the Financial Instrument Trade Agreement that "[i]n the event of parties being unable to acquire said instrument (SBLC) funds of 1% (1,000,000.00 USD) will be refundable and transferred to [Retirement Specialty]." (Ex A., p. 3) Defendants' intent was to steal plaintiff's funds, and they had no plans to ever return the money.

11. Upon information and belief, Defendants Crespo Torres and Peterson took part in preparing the fraudulent statements in the Financial Instrument Trade Agreement and furnishing it to plaintiff.

## AS A FIRST CLAIM FOR RELIEF, FOR FRAUD

12. Plaintiff realleges the allegations of paragraphs 1-11.

13. Defendants conspired to obtain $1,000,000.00 from plaintiff through fraud.

14. Defendants are therefore liable, jointly and severally, to plaintiff in the amount of $1,000,000.00.

## AS A SECOND CLAIM FOR RELIEF, FOR CONVERSION

15. Plaintiff realleges the allegations of paragraphs 1-11.

16. Defendants have converted the funds of plaintiff for their own use.

17. Defendants are therefore liable to plaintiff, jointly and severally, in the amount of $1,000,000.00.

## AS A THIRD CLAIM FOR RELIEF, FOR SECURITIES FRAUD

18. Plaintiff realleges the allegations of paragraphs 1-11.

19. Defendants, directly and indirectly, with scienter, by use of a means or instrumentality of interstate commerce or by use of the mails, have employed a device, scheme,

or artifice to defraud; have made an untrue statement of material fact or omitted to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or have engaged in an act, practice, or course of business which has been and is operating as a fraud or deceit upon the plaintiff as a purchaser or seller of securities .

20.     By reason of the foregoing, defendants have violated Section 10(b) of the Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

21.     As a result, plaintiff has been damaged in the amount of $1,000,000.00.

WHEREFORE, plaintiff respectfully demands judgment as follows:

(i)     on the First Claim for Relief, damages in the amount of $1,000,000.00, in favor of plaintiff against defendants, jointly and severally, together with punitive damages as determined by the trier of fact;

(ii)    on the Second Claim for relief, damages in the amount of $1,000,000.00 in favor of plaintiff against defendants, jointly and severally, together with punitive damages as determined by the trier of fact;

(iii)   on the Third Claim for relief, damages in the amount of $1,000,000.00 in favor of plaintiff against defendants, jointly and severally.

<u>Jury Demand</u>

Plaintiffs demand trial by jury as to all issues so triable.

CIARDI CIARDI & ASTIN.

Dated: *27 April 2025*  */s/ John D. McLaughlin, Jr.*

John D. McLaughlin, Jr. (No. 4123)
1204 North King Street
Wilmington, Delaware 19801
Tel: (484) 437-2676
Fax: (302) 300-4253
jmclaughlin@ciardilaw.com

-and –

Law Office of Harry H. Wise, III
Harry H. Wise, III, Esquire
43 West 43d Street, Suite 109
New York, NY 10036
Tele.: (212)709-8034
hwiselaw@aol.com

*Co-Counsel for Plaintiff*